■ DEBORAH SCARINGI, by Her Father and Natural Guardian, ROBERT SCARINGI, et al., Respondents, v GUY A. SILEO et al., Appellants.—Order of the Supreme Court, Westchester County, entered February 21, 1975, affirmed, without costs. No opinion. The examination of plaintiff Deborah Scaringi shall proceed at the place directed in the order under review, at a time to be specified in a written notice of not less than 10 days, to be given by defendants, or at such other time and place as may be agreed by the parties. Rabin, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.

### (June 16, 1975)

■ CITY OF NEW YORK, Plaintiff, v KEN MCFEELY, Individually and as President of the Patrolmen's Benevolent Association of the City of New York, Inc., et al., Defendants.—This is an application by defendants pursuant to CPLR 5704 (subd [a]) to vacate an ex parte stay contained in an order to show cause signed by Mr. Justice MOSES M. WEINSTEIN on June 12, 1975. The stay restrains defendants from: "(a) congregating or assembling within or adjacent to John F. Kennedy International Airport, including its International Arrivals Building, LaGuardia Airport, Pennsylvania Station, Grand Central Terminal, the Port Authority Bus Terminal, or any other port of entry in such manner as to disturb or interfere with (i) the normal functions conducted by the City of New York and its officials and employees charged with the conduct of its government, (ii) the preservation of public safety, and (iii) the maintenance of public safety and order necessary and essential in a civilized community in such places; (b) accosting, annoying, intimidating, disturbing, frightening, or molesting in the places specified in paragraph (a) above residents of the City or visitors entering or within our City, including persons with limited knowledge of the English language in such places particularly subject to becoming confused and frightened and in consequence panicking and endangering themselves and others within terminal areas of limited capacity; (c) conducting themselves with the intent of causing panic, fear and trepidation in crowded places among the City's residents or visitors; (d) distributing or circulating or causing to be distributed or circulated the pamphlets and announcements annexed to the Complaint as exhibits A and B or copies thereof; (e) distributing or circulating or causing to be distributed or circulated any other pamphlets, announcements, throw-aways or any other matter intended or designed to cause panic, fear or terror at the City's ports of entry among residents of and visitors to this City, including visitors arriving from foreign places; (f) conspiring or combining to perform any of the foregoing or any other unlawful acts tending to accost, annoy, intimidate, disturb, frighten or molest residents of or visitors to the City of New York." The only question we pass upon is that of the validity of the stay obtained without notice to defendants. In our opinion, the stay violates the constitutional rights of free expression guaranteed to these defendants, as well as to all other persons, by the First Amendment to the Constitution of the United States. The stay is, therefore, in all respects vacated. Our vacatur of the stay is not to be deemed in any way approval of the conduct of defendants as portrayed in the moving papers. Gulotta, P. J., Rabin, Latham, Christ and Shapiro, JJ., concur.